## HAGOOD v. BLYTHE et al.

### (Circuit Court, D. South Carolina. March 6, 1889.)

1. PLEADING—COPY OF ACCOUNT—WHEN NECESSARY.

A complaint against a United States marshal and his sureties alleged in each of 144 counts the receipt by the marshal from the government of a specified sum of money earned by a certain deputy-marshal, and his failure to pay the same, and the assignment of this claim by the deputy-marshal to plaintiff. Held, that the counts showed distinct and separate claims, each being a single transaction, and the suit was not on an account, so as to entitle defendants to a copy thereof.

2. SAME—COMPLAINT.

The allegation in each count was that on a certain day plaintiff's assignor was duly appointed deputy, "and performed services in the cause of U. S. v. C., in the serving and executing process issued in said cause, whereby he became entitled to the sum of $——, for lawful fees and mileage, as will fully appear by itemized statement thereof indorsed upon the warrant in said case, and delivered to said [marshal;] that no part of the same has been paid, although payment has been frequently demanded, and although the said [marshal] has duly presented the statement of said services to the proper department of the government, and has received   *   *   *   the amount so earned by the said [plaintiff's assignor,] and allowed by the government for his lawful fees and mileage; that heretofore, and before the commencement of this action, said [plaintiff's assignor,] for value, duly assigned said cause of action to plaintiff." Held, that the complaint was sufficient; and a motion to make more definite and certain was overruled.

At Law.

*Mitchell & Smith*, for plaintiff.

*Barker, Gilliland & Fitzsimons, Brawley & Barnard*, and *Bachman & Youmans*, for defendants.

SIMONTON, J. This cause comes up on motions made in behalf of the plaintiff, and also of the defendant. In behalf of the plaintiff the motion is for judgment by default under our twelfth rule, because this is the rules-day, and no answer or demurrer has been put in. On the other hand, the defendants come in claiming that they have, under the fifth rule, the right to put in their defense on or before the rules-day, and proffering to do so if the motions they now make be overruled. Thereupon they demand a copy of the account sued upon. And they also pray that the complaint be made more definite and certain. These motions are based on sections 179, 181, Code Civil Proc. S. C., adopted by this

court. The motion for judgment by default cannot be granted, because the defendants are here in time to make their defense. Let us examine the demand for an account, and the motion made by defendants. The action is on a marshal's bond, against him and his sureties. In order to discuss these motions of the defendant intelligibly we must examine the complaint, and ascertain the cause or causes of action; that is to say, what are alleged to be the facts from which the plaintiff's primary right, and the defendants' primary duty, have arisen, and what are the facts which constitute the defendants' delict or act of wrong. Pom. Rem. § 453. The complaint sets out the fact that Blythe was at the time of the accrual of the right of action the marshal of the United States for this district, and that the other defendants were his sureties. This is a general allegation, applicable to all the counts of the complaint. Then follow 144 separate counts on separate claims, the gist of these being the receipt by Blythe from the government of a certain specified sum of money earned by a certain deputy-marshal and allowed to him by the government for services as deputy-marshal, and his failure to pay the same. Then follows a statement that the deputy-marshal has assigned this claim to plaintiff. The suit then is on 144 distinct claims, having no connection with each other; not on items of an account making a certain aggregate, but for the receipt of and the non-payment of a sum of money, each being by itself,—a unit,—standing or falling alone. Each claim was once the property of a person other than plaintiff, more than one person. They come together now simply because each individual holding each claim has assigned it to the plaintiff. An account is a history of dealings between the plaintiff and the defendant, or of him under whom plaintiff claims. These counts show distinct and separate claims, each being a single transaction. There is no room and no reason for an account here.

The other and more difficult question is on the motion that the complaint be made more definite and certain. Under the Code of Procedure the complaint must contain a plain and concise statement of the facts constituting a cause of action, without unnecessary repetition. Section 163. And in section 180 it is provided that in the construction of a pleading for the purpose of determining its effect its allegations shall be liberally construed, with the view of substantial justice between the parties. *Dowie v. Joyner*, 25 S. C. 127, construes and applies these sections. In *Hogg v. Pinckney*, 16 S. C. 387, "all the facts which plaintiff is required to prove to entitle him to a verdict must be alleged in the complaint;" that is to say, "the facts," "and not the legal effect or aspect of those facts, and not the mere evidence or probative matter by which their existence is established." Pom. Rem. § 517. Let us examine the complaint. As each count is precisely like the others, names and amounts only being changed, one will be used as a specimen. "For a first cause of action:" (1) That on or about the 25th April, 1883, W. V. Holden was a deputy United States marshal in and for the said district of South Carolina, duly appointed by the said Absalom Blythe, and on or about the said date, as such deputy-marshal, performed services in

the cause of the United States against Dolphin Collins, in the serving and executing the process issued in said cause, whereby he became entitled to the sum of $18.96 for lawful fees and mileage, as will fully appear by the itemized statement thereof, indorsed upon the warrant in said cause, and delivered to the said Absalom Blythe. (2) That no part of the same has been paid, although payment has been frequently demanded, and although the said Absalom Blythe has duly presented the statement of said services to the proper department of the government, and has received $18.96, the amount so earned by the said Holden, and allowed by the government for his lawful fees and mileage. (3) That heretofore, and before the commencement of this action, said Holden, for value, duly assigned said cause of action to plaintiff. From this it appears that the case of plaintiff is this: Blythe was the marshal, and the other defendants his sureties on his official bond, responsible for his official act. As such marshal he appointed one W. V. Holden his deputy; that Holden, being such deputy, and as such deputy, performed services in the case of the United States *v.* Collins, in serving and executing process, whereby he became entitled to $18.96, as by an itemized account on the warrant in said case; that Blythe duly presented the statement of said services to the proper department of the government; that the sum of $18.96 was allowed, and the money was paid thereon to Blythe; that no part thereof has been paid, although payment has been frequently demanded. Now, the legal primary right here set up for plaintiff is that the sum of money so alleged to have been received by Blythe was the money of Holden, his assignor,) received by him in his official capacity as marshal for Holden. That which is charged to be the legal primary duty of Blythe as marshal is the payment of this money to Holden or his assignee. And the delict or wrong on the part of Blythe, marshal, the consequences of which the complaint seeks to fasten on the sureties, is the non-performance of this duty in the failure to pay over the money to Holden or his assignee. Pom. Rem. § 526. The gist of the action is not as to the amount or value of services rendered by Holden, but it is the sum of money allowed by the government to Holden for services, and so settled, which sum of money the marshal received for Holden and did not pay to him. In order to sustain this count, the "determinate, unchanged, and positive elements of fact which must be alleged are: (1) That Blythe was marshal, with a bond, and that on this bond defendants were sureties; (2) that Holden was his deputy, properly constituted; (3) that as such deputy he performed services for the United States; (4) that Blythe, as marshal, presented the claim for such services, and that the claim was allowed in whole or in part by the government; (5) that Blythe, as marshal, received from the government the sum of money so allowed; (6) that he never paid it over to Holden; (7) that Holden has assigned the claim to plaintiff.

The evidence or probative matter by which the existence of these essential elements of fact is to be established need not be set out in the pleading. Thus, in order to show that Blythe was marshal, his commission must be proved. It need not be set out in the complaint. In

order to prove that Holden was deputy, his appointment must be proved. It need not be set out. So the fact that he did service as deputy-marshal, and had the claim therefor, must be proved. But these services need not be set out in detail in the pleading,—only their result. This action is not on this account, nor for these services. Nor is any issue raised upon any item of, or the total value of, the service. The suit is for a sum of money allowed by the government for the service and received by Blythe. Be the account for services as large as possible, and the sum allowed as small as possible, the consideration of the first does not arise, and the only reason that the consideration of the last arises is because it is charged that Blythe received it for Holden. So it must be alleged and proved that Blythe presented this claim, and got so much of it as was allowed. The proof may require the production of his accounts as marshal for receipts and expenditures. But these accounts need not be set out. So, also, the assignment by Holden must be alleged, and the fact proved. The evidence proving it need not be set out in the complaint. These determinate, unchanged, and positive elements of fact must be alleged in the complaint, and must be sustained by the subordinate facts which make up the probative matter, and which need not be alleged in the complaint. Then will arise the questions of law: Are the sureties of the marshal responsible to his deputy for money received under these circumstances by the marshal? Can such a claim be assigned? Can it be enforced in this court? The conclusions of fact stated in the count are sufficient, if proved, to raise these issues of law; that is to say, if it be proved, as alleged, that Blythe, the marshal, as marshal, received from the government a certain sum of money allowed and paid for services rendered by Holden, this will raise the legal question of the liability of the defendants. It is true that the count in question is terse to obscurity in some respects. It alleges "that no part of the same has been paid." It does not say "by whom." It also adds, "although payment has been frequently demanded." It does not say "by whom, or of whom." But the context states that the government has paid it to Blythe, and, construing the allegation liberally, as provided in section 180, Code of Procedure, we must read it as if it in terms stated that no part of the same has been paid by Blythe or his sureties, although payment has been frequently demanded of him. It is ordered that the motion to amend the complaint be overruled, and that the defendants put in their defense as they may be advised, on or before the 25th of this month, and that the cause be placed on the calendar for a hearing at the approaching regular term of this court.